BLD-208                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2236
_____

IN RE: LEOCADIO VALLARTA ISIP, JR.,
Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D.C. Criminal Action No. 1:19-cr-00064-001)
District Judge:  Honorable Richard G. Andrews
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 4, 2025

Before: SHWARTZ, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: September 19, 2025)
_____

OPINION[*]
_____

PER CURIAM

In July 2025, federal prisoner Leocadio Vallarta Isip, Jr., submitted a pro se

petition for a writ of mandamus, asking us to direct the United States District Court for

the District of Delaware to rule on his motion filed pursuant to 28 U.S.C. § 2255.

Thereafter, on August 27, 2025, the District Court entered a decision denying that § 2255

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

motion and declining to issue a certificate of appealability. In view of that decision, Isip's mandamus petition no longer presents a live controversy, and thus we will dismiss the petition as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").